### A. J. ANDERSON V. THE CITY OF FORT WORTH.

#### No. 3189.

Arbitration—Arbitrators Must be Sworn.—Anderson and the city of Fort Worth agreed to arbitrate the value of his land wanted by the city for extension of a street. The arbitrators failing to agree selected an umpire. The umpire and one of the arbitrators agreed upon the value of the property. Their award was filed in the District Court. The umpire was not sworn, but Anderson and the city attorney had indorsed upon the agreement to arbitrate their consent dispensing with the administration of an oath to the arbitrators or the umpire. Anderson sought to compel the clerk of the District Court to enter the award as a judgment of the court. The court refused the motion. *Held:*

1. Under article 46 of the Revised Statutes an agreement to arbitrate contemplates that the arbitrators and umpire be sworn.

2. A city attorney without special authority could not waive the statute requiring the oath.

3. The award was not statutory, and the refusal to enter it was not error.

APPEAL from Tarrant.   Tried below before Hon. R. E. BECKHAM.
The opinion states the case.

*F. M. Brantley*, for appellant.—1.  The answer, that "the city of Fort
Worth was not authorized by law to arbitrate a matter of damages in
opening a public street, when the charter of the city prescribed a dif-
ferent method," presented no legal defense, as the city could legally
submit the matter in issue to arbitration; and if such power had been
questionable, neither respondent nor the city could raise or urge it as
a defense.   Rev. Stats., arts. 44, 55; City of Somerville v. Dickerman,
121 Mass., 272; Boston v. Brazor, 11 Mass., 447; Everette v. Charles-
town, 12 Allen (Mass.), 93; Campbell v. Inhabitants of Upton, 113
Mass., 67; Brady v. Mayor of Brooklyn, 1 Barb. (N. Y.), 584; Schaaf
v. Town of Bloomfield, 8 Vt., 472; Am. Dig. 1888, p. 73, sec. 2.

Authorities on estoppel to deny power to submit:   Campbell v. In-
habitants of Upton, 113 Mass., 70; Everette v. Charlestown, 12 Allen
(Mass.), 93; Ex Parte Wright, 6 Cowen (N. Y.), 399; Green v. Patchin,
13 Wend. (N. Y.), 293; Monroe v. Widner, 11 Paige (N. Y.), 529; Same
Case, 43 Am. Dec., 768; 91 Pa. St., 232, 359; West v. Agricultural
Board, 82 Ill., 205; Building Society v. Crowell, 65 Ill., 453.

2.   It was not essential that the arbitrators or the umpire should be
sworn, as such formality had been specially waived by the terms of the
articles of submission.   Hill v. Taylor, 15 Wis., 208; Woodrow v.
O'Conner, 28 Vt., 776; Tucker v. Allen, 47 Mo., 488; Otis v. North-
rop, 2 Miles (Pa.), 330; Browning v. Wheeler, 24 Wend. (N. Y.), 258;
Same Case, 35 Am. Dec., 617; Day v. Hammond, 57 N. Y., 479; Same
Case, 15 Am. Rep., 522; Newcomb v. Wood, 97 United States, 581;
Supervisors v. Ehlers, 45 Wis., 281; Alexander v. Muhlhall, 1 Posey's
U. C., 768.

*Carlock & Powell*, for appellee.—The city of Fort Worth was not au-
thorized by law to submit the matter in controversy to arbitration, as
its authority is a delegated one and prescribed in the city charter.
The charter says that the same shall be done in the manner and con-
trolled by the State laws in force in reference to condemnation of right
of way for railway companies and the assessment of damage therefor;
the city occupying the position of a railway company; and the laws in
reference to application for condemnation of right of way for railway
companies, including the measure of damages, right of appeal, and
the like, shall apply to an application by said city under its charter
for the condemnation of property for the purpose of opening, chang-
ing, or widening streets, avenues, or alleys, or for the construction of
water mains or sewers.   Ferguson v. Halsell, 47 Texas, 421; Charter
of the City of Fort Worth, Special Acts 1889, sec. 138, et seq.; Dill.
on Mun. Corp., p. 728, note 1; Id., p. 706, sec. 604.

HENRY, ASSOCIATE JUSTICE.—This was a proceeding by a motion filed by the appellant in the District Court of Tarrant County to compel the clerk of said court to enter as the judgment of the court an alleged award of arbitrators.

It appears that by authority of the city council of the city of Fort Worth an agreement in writing was entered into between the city and the appellant to submit to arbitration the settlement of the amount of compensation to be paid Anderson for certain property intended to be used for street purposes, and that in pursuance of such agreement each party selected an arbitrator, with authority, if they should fail to agree, to select an umpire. The two arbitrators disagreed and selected an umpire. The umpire and the arbitrator selected by Anderson agreed to and signed an award fixing the amount of compensation to be paid by the city to Anderson. The arbitrator selected by the city refused to consent to this award. The umpire was not sworn.

It appears that the city attorney and Anderson indorsed upon the agreement to arbitrate an agreement dispensing with the administration of an oath to the arbitrators or the umpire. The court decided that the award was not so made as to authorize its entry as a judgment of the court, and the motion was refused.

A number of interesting questions, both of practice and right, are suggested by the record, which we do not think it necessary or proper to now discuss or decide. If it be admitted that in this proceeding the appellant would have the right to have the award, if properly made, entered as the judgment of the court, we think that the omission to swear the umpire would be fatal to his case. The agreement of the city was made with reference to the statute on the subject, one provision of which is that the arbitrators, including the umpire, shall be sworn. Rev. Stats., art. 46.

It does not appear that the city attorney had any authority to waive this requirement of the statute.

We do not intend to decide that the questions in controversy could have been properly adjudicated in the District Court in an arbitration proceeding under the statute, nor that the proper practice to have an award entered is by a motion against the clerk.

The judgment is affirmed.

*Affirmed.*

Delivered January 22, 1892.